**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JERRY L. THOMAS,

      Plaintiff-Appellant,

v.

DAVID PARKER; RODNEY
REDMAN; BECKY GUFFY; BETSY
HORMEL; JIM REED; SHANNON
REED; AMY MADISON; DOUG
BYRD; JAY DRAWBRIDGE; JUSTIN
JONES; RICHARD KIRBY; RON
ANDERSON; DEBBIE MORTON;
LEO BROWN; JO GWINN; BRANDY
PAGE,

      Defendants-Appellees.

No. 09-6203

---

JERRY L. THOMAS,

      Plaintiff-Appellant,

v.

BECKY GUFFY; DAVID PARKER;
DEBBIE MORTON; RODNEY
REDMAN; BETSY HORMEL; JAY
DRAWBRIDGE; BETSY GWINN;
BRANDY PAGE; RON ANDERSON;
BELL; BARNEY LAIRD,

      Defendants-Appellees.

No. 09-6204

**APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. Nos. 5:07-CV-00599-W and 5:07-CV-00823-W)**

Submitted on the briefs:[*]

Jerry L. Thomas, Pro se Appellant.

Jill Tsiakilos, Assistant Attorney General, Oklahoma Attorney General's Office Litigation Section, Oklahoma City, Oklahoma, for Defendants-Appellees.

Before **BRISCOE**, Chief Judge, **BALDOCK**, and **TACHA**, Circuit Judges.

**BALDOCK**, Circuit Judge.

Both of these appeals are brought by pro se Oklahoma prisoner Jerry L. Thomas, also known as Madyun Abdulhaseeb. Mr. Thomas seeks to challenge various conditions of his confinement at the James Crabtree Correctional Center (JCCC), a prison in the Oklahoma Department of Corrections (ODOC). The issues on appeal are (1) whether in No. 09-6204 Mr. Thomas exhausted his administrative remedies; and (2) whether in both No. 09-6203 and No. 09-6204 the district court abused its discretion in denying Mr. Thomas's motions under

---

[*] After examining the briefs and appellate records, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Fed. R. Civ. P. 60(b)(3) alleging fraud on the court. This court on its own motion has consolidated these appeals for submission and disposition.

We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's decisions in all respects. Because Mr. Thomas's complaints about the defendants' conduct in No. 09-6203 are not baseless, we grant his motion to proceed on appeal without prepayment of costs and fees in No. 09-6203. But because he has become an abusive litigant with respect to his arguments about exhaustion, and he does not present any non-frivolous arguments concerning the denial of the Rule 60(b)(3) motion in No. 09-6204, in No. 09-6204 we deny his motion to proceed on appeal without prepayment of costs and fees and dismiss the appeal as frivolous.

## I.    BACKGROUND

Mr. Thomas has already unsuccessfully pursued claims about conditions at JCCC. In *Thomas v. Parker*, 318 F. App'x 626, 627 (10th Cir.), *cert. denied*, 130 S. Ct. 249 (2009) (*Thomas I*), this court affirmed the district court's conclusion that he abandoned two claims, failed to state a claim for relief with regard to two other claims, and failed to exhaust his administrative remedies with regard to the remaining claims. Mr. Thomas then filed a Fed. R. Civ. P. 60(b)(3) motion for relief from the judgment, arguing that defendants had committed fraud on the court by altering the grievances attached to the special report ordered by the court pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (en banc).

He alleged that defendants had deliberately submitted incomplete grievance sets and had altered the Grievance Log they tendered to the court. In denying the Rule 60(b)(3) motion, the district court held Mr. Thomas had raised such allegations and complaints before the court had issued its judgment. The court also held that the alleged wrongful conduct did not impede Mr. Thomas's ability to defend against the defendants' motion to dismiss. The denial of the Rule 60(b)(3) motion led to appeal No. 09-6203.

In a separate case, Mr. Thomas filed an eleven-count complaint challenging various conditions of confinement at JCCC. He stipulated to the dismissal of his first claim. The district court granted defendants' second motion for summary judgment and dismissed claims two through eleven, holding that, although Mr. Thomas had filed grievances relating to his claims, he had not exhausted his administrative remedies because he had not properly pursued the grievance process to its conclusion with regard to any of those claims. Mr. Thomas filed a Rule 60(b)(3) motion alleging that defendants had committed fraud on the court by submitting one set of grievance documents with their first (and unsuccessful) motion for summary judgment and a second, different set of grievance documents with their second motion for summary judgment. He also asserted that defendants had submitted incomplete and incorrect grievance paperwork in the case underlying appeal No. 09-6203. Similar to the ruling in No. 09-6203, the district

court held Mr. Thomas had raised such allegations and complaints before the court had issued its judgment, and that the alleged wrongful conduct did not impede Mr. Thomas's ability to defend against the defendants' summary-judgment motion. The grant of summary judgment to defendants and the denial of the Rule 60(b)(3) motion led to appeal No. 09-6204.

## II.    ANALYSIS

### A.    Exhaustion of Administrative Remedies (No. 09-6204)

"There is no question that exhaustion is mandatory under the [Prisoner Litigation Reform Act (PLRA)] and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). "We review de novo the district court's finding of failure to exhaust administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). The ODOC grievance process has a requirement of informal consultation with staff, then three written steps: a Request to Staff form, a formal grievance, and an appeal to the administrative review authority. No. 09-6204, Record on Appeal at 1077-83.

With regard to each of his claims, Mr. Thomas submitted a Request to Staff form, and then he submitted a formal grievance. But he had been placed on grievance restriction, and his formal grievances did not comply with defendants' interpretation of ODOC's grievance-restriction policy. Defendants informed him that the required statement of prior grievances must be notarized (instead of containing an unnotarized declaration under penalty of perjury) and must describe

-5-

prior grievances in more detail than the one-word descriptions he had used. Accordingly, defendants returned the formal grievances to Mr. Thomas as insufficient, with leave to correct within ten days. Rather than making any attempt to correct the grievances, Mr. Thomas appealed to the administrative review authority. In the earliest administrative appeal in the record on appeal in No. 09-6204, the review authority directed Mr. Thomas to file complete paperwork, including a facility response to the formal grievance, and returned the grievance unanswered. Shortly thereafter, the review authority warned him that incorrectly submitted appeals would be returned without a response. Ultimately the review authority notified him that noncompliant appeals would not be addressed or returned to him. Thus, his later appeals were left unanswered and unreturned. The issue is whether under these circumstances Mr. Thomas has satisfied ODOC's grievance process, and, thus, the mandatory exhaustion rule.

Mr. Thomas argues that defendants made the grievance process unavailable by placing him on grievance restriction and by requiring him to comply with their interpretations of the grievance-restriction requirements. Particularly, he complains that defendants required a notarized affidavit while denying him notary service, failed to provide the proper forms to allow him to appeal, failed to return documents to him as required by the grievance process, and imposed improper and arbitrary requirements on his paperwork (e.g., directing him to use more than one word to describe his prior grievances). He also argues that the review

-6-

authority improperly refused to answer his appeals because the grievance policy (OP-090124, § IX.A.2) gives him the right to appeal the determination that he was abusing the grievance process.

"[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules." *Id.* at 95. Thus, "[i]n *Woodford*, we held that to properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' . . . –rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (quoting *Woodford*, 548 U.S. at 88).

The district court did not err in concluding that Mr. Thomas failed to exhaust his administrative remedies when he did not properly complete all three required written steps. "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan*, 304 F.3d at 1032. "[T]he doctrine of substantial compliance does not apply." *Id.* Once notified of deficiencies at the formal grievance stage, Mr. Thomas chose not to avail himself of the opportunity to cure them. He then chose to continue to submit formal

grievances that were contrary to defendants' reasonable interpretation of the grievance requirements.[1] Mr. Thomas "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them." *Id.* at 1033.[2] As to his contentions about OP-090124, § IX.A.2, it appears that the first legal argument concerning this regulation appeared in Mr. Thomas's post-judgment motion for reconsideration. Such a motion "is not appropriate to . . . advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Thus, we decline to consider this argument.

Our adverse ruling should not come as a surprise to Mr. Thomas. Both this court and the district court previously rejected his arguments about the ODOC grievance process and put him on notice that he should not rely on his own contrary interpretations of the process to claim exhaustion. More than a year ago

---

[1]    To the extent Mr. Thomas argues he provided evidence that the defendants made notary services unavailable to him, we note that the notary issue was not the only reason for rejecting his grievances. *See* No. 09-6204, Record on Appeal at 1309-10 ("His grievances were returned unanswered due to procedural defects (in addition to and beyond his failure to include a notarized affidavit) . . . .)."

[2]    In contrast to our recent decision in *Little v. Jones*, __ F.3d __, No. 08-7095, 2010 WL 2267816, at *3-*4 (10th Cir. June 8, 2010), defendants did not make the exhaustion process unavailable to Mr. Thomas by returning his documents unanswered. Mr. Thomas refused to resubmit the grievances returned by the warden at the formal grievance stage. *Little* recognizes that the grievance procedure "expressly grants the warden the power to return the grievance unanswered for proper completion when a prisoner's grievance contains a procedural defect." *Id.* at *4 (quotation omitted).

in *Thomas I*, 318 F. App'x at 627, for example, this court affirmed the dismissal of sixteen unexhausted claims for substantially the reasons given by the district court in case 07-CV-00599-W. In that case, Mr. Thomas raised some of the same arguments he raises here. *See Thomas v. Parker*, No. 07-CV-00599-W, slip op. at 12-13 (W.D. Okla. May 27, 2008) (report and recommendation adopted by the district court) ("Plaintiff provides no adequate explanation regarding the procedural defects and/or the steps he took, if any, to cure those defects. Instead, Plaintiff contends that his placement on grievance restriction rendered administrative remedies unavailable to him. Plaintiff argues, too, that Defendants have prevented him from exhausting administrative remedies by imposing technical requirements and refusing to give proper notice and/or instruction as to those requirements. Not only are Plaintiff's contentions unsupported by the record, but further, as evidenced by the record and findings of the magistrate judge in Case No. CIV-05-1211-W, Plaintiff is intimately familiar with the compliance requirements of the ODOC's grievance procedure and, in particular, the requirements accompanying placement on grievance restriction."); *id.* at 13 ("The Court rejects [Mr. Thomas's] allegations as the record demonstrates Plaintiff has refused to adhere to the requirements of the . . . grievance restriction process, not that Defendants have acted to prevent him from satisfying those requirements."); *id.* at 24-26 (concluding that Mr. Thomas had not supported his assertion that notary services were unavailable). More recently, this court also

affirmed the dismissal of eight unexhausted claims for substantially the reasons given by the district court in Western District of Oklahoma case No. 05-CV-1211-W. *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1309 (10th Cir. 2010). In that case, the district court stated, "Plaintiff's disagreement with prison officials as to the appropriateness of a particular procedure under the circumstances, or his belief that he should not have to correct a procedural deficiency does not excuse his obligation to comply with the available process." *Abdulhaseeb v. Calbone*, No. 05-CV-1211-W, slip op. at 25 (W.D. Okla. Feb. 12, 2008) (report and recommendation adopted by the district court). Mr. Thomas has become abusive in unreasonably continuing to appeal issues that this court has already decided against him, and he is warned that he will be subject to sanctions if he continues to raise such arguments.

**B.     Denial of Rule 60(b)(3) Motions (Nos. 09-6203 and 09-6204)**

We review the denial of the Rule 60(b)(3) motions for abuse of discretion. *See Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005). "[T]he district court's ruling is only reviewed to determine if a definite, clear or unmistakable error occurred." *Id.* (quotation omitted). "Rule 60(b)(3) allows a court to relieve a party from a final judgment based on 'fraud . . ., misrepresentation, or other misconduct of an adverse party.'" *Id.* at 1290 (quoting Rule 60(b)(3)). "[C]ourts have allowed parties to file a claim for fraud on the court under subsection (b)(3)." *Id.* at 1291. "Proof of fraud upon the court

-10-

must be by clear and convincing evidence." *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002). "Moreover, the challenged behavior must *substantially* have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." *Zurich N. Am.*, 426 F.3d at 1290 (quotation omitted).

### 1.     No. 09-6203

Our review of the appellate records indicates that Mr. Thomas's complaints about the evidence in No. 09-6203 are not baseless. We certainly do not condone a party's submitting incomplete evidence or making assertions that arguably are incorrect, but a claim of fraud on the court is difficult to establish. "Fraud on the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." *Buck*, 281 F.3d at 1342 (alteration and quotation omitted).

> Generally speaking, only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

*Zurich N. Am.*, 426 F.3d at 1291 (quotation omitted). Mr. Thomas's allegations are insufficient to establish fraud on the court because, at most, they show the nondisclosure of evidence or the alteration of evidence by a party, with no showing of attorney involvement. Further, his district-court motion fails to offer

clear and convincing evidence to support his allegations.[3]  Finally, nothing before us undermines the district court's conclusion that Mr. Thomas was not hindered in defending against the defendants' dispositive motion.  Accordingly, the district court did not abuse its discretion in denying the Rule 60(b)(3) motion.

### 2.    No. 09-6204

For substantially the same reasons discussed above, we conclude that the district court did not abuse its discretion in denying the Rule 60(b)(3) motion in No. 09-6204.  In fact, Mr. Thomas's allegations in this appeal are substantially weaker than his arguments in No. 09-6203.  The predicate of his appellate argument in both Nos. 09-6203 and 09-6204 is that Exhibits 3 through 15 attached to Document 79 (the defendants' second motion for summary judgment in No. 09-6204) are the correct documents that also should have been filed in No. 09-6203.  It is difficult to see how there could be actionable fraud on the court in No. 09-6204 if the district court had before it the correct documents when it made its final decision.

---

[3]    Before this court, Mr. Thomas states that he has proof of the omissions and alterations because defendants submitted different documents in this case and the case underlying No. 09-6204.  But he did not argue that before the district court.  Instead, his Rule 60(b)(3) motion in No. 09-6203 offered bare assertions supported only by his own conclusory affidavit.

**III. CONCLUSION**

The judgments of the district court are AFFIRMED. Mr. Thomas's motion to correct an error in his reply brief in No. 09-6203 is GRANTED. His motion to proceed on appeal without prepayment of costs and fees in No. 09-6203 is GRANTED. His motion to proceed on appeal without prepayment of costs and fees in No. 09-6204 is DENIED because he has failed to present a nonfrivolous argument in support of the issues on appeal, *see DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991),[4] and he is directed to pay the full appellate filing fee. No. 09-6204 is DISMISSED as frivolous, and Mr. Thomas is assessed a strike under 28 U.S.C. § 1915(g).

---

[4] For the same reason, we conclude that the district court did not err in denying leave to proceed on appeal in No. 09-6204 without prepayment of costs and fees.

-13-