**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 7, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TERRENCE R. BRIDGEFORTH,

Plaintiff-Appellant,

v.

SERGEANT WALKER, and
OFFICER MARSHALL,

Defendants-Appellants.

No. 10-7024

(E.D. of Okla.)

(D.C. No. 6:09-CV-00136-RAW-SPS)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

---

Terrence R. Bridgeforth, a former state prisoner appearing pro se,[1] appeals

the district court's dismissal of the prisoner abuse claim he brought under 42

U.S.C. § 1983. The district court found Bridgeforth failed to exhaust his

available administrative remedies before bringing suit. On appeal, Bridgeforth

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Bridgeforth is proceeding pro se, we construe his filings liberally. *See Van Deelan v. Johnson*, 497 F.3d 1151, 1153 n. 1 (10th Cir. 2007).

challenges that determination, arguing he was barred from initiating the relevant administrative grievance procedure.

Having jurisdiction under 18 U.S.C. § 1291, we AFFIRM.

## I. Background

Bridgeforth filed the complaint giving rise to this appeal in federal district court on April 8, 2009, while he was imprisoned at the Oklahoma State Penitentiary in McAlester, Oklahoma. At the time, a different lawsuit filed by Bridgeforth alleging incidents of prisoner abuse was pending in state court. In his federal action, Bridgeforth seeks relief for violations of his constitutional rights he alleges occurred in March 2009, three months after he filed his state court action.

Specifically, Bridgeforth alleges that, during an argument with Sergeant Walker on March 25, 2009, Sergeant Walker stated he would come to Bridgeforth's cell and beat him. Bridgeforth also asserts he was subjected to more harassment the next day. He alleges he was denied his meals, heckled, had the water and lights in his cell turned off, and that Sergeant Walker, Officer Marshall, and two other unidentified corrections officers beat him. Bridgeforth further maintains he suffered a swollen eye and leg, soreness, dizziness, blurred vision, cuts, and bruises as a result of the beating.

Sergeant Walker and Officer Marshall deny the incidents ever occurred.

The Oklahoma Department of Corrections (ODOC) has an established administrative grievance procedure.  Bridgeforth did not initiate the grievance process regarding the events he alleges occurred in March 2009.  Instead, he filed suit in federal district court.

Below, Sergeant Walker and Officer Marshall argued this action should be dismissed, and alternatively that they were entitled to summary judgment, because Bridgeforth did not exhaust his available administrative remedies before bringing suit.  The district court agreed with Sergeant Walker and Officer Marshall and granted their motion to dismiss.

## II.  Discussion

Bridgeforth contends the district court erred by dismissing his action.  He argues he should not have to exhaust the available administrative process because the prison's grievance policy bars inmates from pursuing the administrative grievance procedure for matters that are in litigation.  He contends his state court action satisfies this exception even though it involves a different claim.

We review de novo a district court's finding that a prisoner-plaintiff failed to exhaust administrative remedies.  *See Thomas v. Parker*, 609 F.3d 1114, 1117 (10th Cir. 2010).

Under the Prisoner Litigation Reform Act, a prisoner must exhaust his available administrative remedies before filing a lawsuit regarding prison conditions in federal court.  *See* 42 U.S.C. § 1997e; *Little v. Jones*, 607 F.3d

1245, 1249 (10th Cir. 2010). "Because the prison's procedural requirements define the steps necessary for exhaustion, an inmate may only exhaust by properly following all of the steps laid out in the prison system's grievance procedure." *Little*, 607 F.3d at 1249 (internal citation omitted). If a plaintiff is a prisoner when he files suit, § 1997e's exhaustion provision applies. *See Norton v. City of Marietta*, 432 F.3d 1145, 1150 (10th Cir. 2005).

The prison's grievance policy requires an informal consultation with staff, then three written steps: completion of a Request to Staff form, filing of a formal grievance with the facility head, and submission of an appeal to the Administrative Review Authority. *See* R. at 46–52; *Thomas*, 609 F.3d at 1117. Prisoners exhaust the administrative process only after they complete all of these steps. The grievance policy also provides, "Grievances may not be submitted about matters that are in the course of litigation." R. at 44.

Bridgeforth was an inmate at the time he initiated this case and thus is subject to the requirements of the PLRA. The PLRA requires prisoners to exhaust all of their available administrative remedies before filing suit. Bridgeforth did not comply with that requirement. And, his argument that he should be excused from satisfying the exhaustion provision because similar issues are involved in his state court case reads the prohibition on which he relies too broadly.

The prison's grievance policy bars inmates from proceeding with the grievance procedure if submissions would involve "matters that are in the course

-4-

of litigation." R. at 44. Here, while Bridgeforth's state court case and the alleged events involving Sergeant Walker and Officer Marshall raise similar issues because they both relate to prisoner abuse, they do not concern the same "matter." Bridgeforth's state court case—filed in December 2008—concerns a matter or matters that occurred prior to his federal court claims. He cannot bypass the administrative grievance procedure by grafting the March 2009 matter on to the matter or matters that arose before December 2008—i.e., by filing an amended complaint in the state court case—because the administrative process is to be undertaken for each separate incident.

In short, Bridgeforth's state court case does not excuse him from complying with the prison's grievance policy and he is therefore subject to the PLRA's exhaustion provision.

## III. Conclusion

For the foregoing reasons, we AFFIRM the district court. We also DENY Bridgeforth's request to proceed in forma pauperis on appeal. While Bridgeforth has shown a financial inability to pay the required fees, he has not demonstrated a reasoned, non-frivolous argument on the law and facts in support of the issues

raised on appeal. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812–13 (10th Cir. 1997).

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge
