**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 8, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAMES A. MCKEIGHAN,

        Plaintiff-Appellant,

v.

CORRECTIONS CORPORATION OF
AMERICA; MIKE SHUTE, United
States Marshal's Office, in his
individual and official capacity;
FREDRICK LAWRENCE, previous
Warden, CCA-Leavenworth, in his
individual and official capacity;
SHELDON RICHARDSON, current
Warden, CCA-Leavenworth, in his
individual and official capacity;
ROBERT MUNDT, Assistant Warden,
CCA-Leavenworth, in his individual
and official capacity; KENNETH
DAUGHERTY, Chief of Unit
Management, CCA-Leavenworth, in
his individual and official capacity;
BRUCE ROBERTS, Chief of Security,
CCA-Leavenworth, in his individual
and official capacity; GEORGE
GREEN, Lieutenant,
CCA-Leavenworth, in his individual
and official capacity; MELANIE
FULTON, Commissary/Warehouse &
Laundry, CCA-Leavenworth, in her
individual and official capacity,

        Defendants-Appellees.

No. 10-3286
(D.C. No. 5:08-CV-03173-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, Circuit Judge, **HOLLOWAY** and **PORFILIO**, Senior Circuit Judges.

James A. McKeighan, a federal prisoner at the United States Penitentiary in Leavenworth, Kansas, appeals pro se the district court's grant of summary judgment in favor of seven Corrections Corporation of America (CCA) employees and former Deputy United States Marshal Mike Shute on Mr. McKeighan's claims that while he was a pretrial detainee at the CCA facility in Leavenworth, Kansas, he was (1) "denied outside recreation while housed in an overcrowded cell," in violation of the Eighth Amendment; and (2) "confined in segregation as punishment for attempting to defend his criminal case," in violation of the First Amendment. *McKeighan v. Corrs. Corp. of Am.,* No. 08-3173-SAC, 2010 WL 3913227, at *1 (D. Kan. Sept. 30, 2010).[1] In granting the defendants' motions for summary judgment on these two claims, the district court found that "there [wa]s

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The district court had previously dismissed all of Mr. McKeighan's other claims, *see McKeighan v. Corrs. Corp. of Am.*, No. 08-3173-SAC, 2010 WL 446503, *1 (D. Kan. Feb. 4, 2010), and he does not challenge the dismissal on appeal.

no material issue of fact regarding plaintiff's failure to exhaust administrative remedies" and his "claims must be dismissed pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust." *McKeighan v. Corrs. Corp. of Am.*, 2010 WL 3913227, at \*18; *see also id.* at \*18 n.28 (recognizing "that dismissal of unexhausted claims on summary judgment should be without prejudice"). In the alternative, the district "court dismisse[d] plaintiff's claims, sua sponte, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because plaintiff . . . failed to allege sufficient facts to state a federal constitutional violation." *McKeighan v. Corrs. Corp. of Am.*, 2010 WL 3913227, at \*18. Mr. McKeighan appeals.

Our jurisdiction arises under 28 U.S.C. § 1291. The parties are familiar with the facts and procedural history of this case, the district court detailed both, *McKeighan*, 2010 WL 3913227, at \*1-\*4, and we need not restate that material here.

In Mr. McKeighan's pro se appellate brief which, like his district court filings, we afford a liberal construction, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), he argues—as best we can discern—that the district court should have deemed his claims exhausted because the defendants (1) "forged [a] telephone grievance" and sent a copy of it to the district court judge, Aplt. Opening Br. at 3; (2) hindered the grievance procedure by purposely "holding onto" the informal resolution form for the telephone grievance until after the deadline for filing a response had passed, *id.* at 4; and (3) "refused to give

him" requested grievance forms, told him that his complaints were "'non-grievable,'" and lost or "never answered" his submitted grievances, *id.* at 6. Next, he directs our attention to inmate declarations he previously produced, apparently to corroborate his allegation that the defendants interfered with his attempts to exhaust his administrative remedies. *See id.* at 5. In this regard, he also complains that "case managers refused" to notarize the inmate statements. *Id.* He asserts that the defendants and "the Defendants' attorney . . . lied" to the district court judge "about McKeighan not filing any overcrowding" or "no exercise grievances." *Id.* at 7. Finally, he complains that the district court judge is "making" him "pay the full filing fee of $350, even though he . . . does not meet the qualifications of the 'three strikes provision' of the PLRA." *Id.* at 8.[2]

We review de novo all aspects of the challenged district court decision. *See Nielson v. Ketchum*, 640 F.3d 1117, 1121 (10th Cir. 2011) ("We review summary judgment decisions de novo, applying the same legal standard as the

_____

[2]     As the district court in this case previously explained:

> Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is obligated to pay the full $350.00 district court filing fee in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay an initial partial filing fee and the remainder due over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

*McKeighan v. Corrs. Corp. of Am.*, 2008 WL 3822892, at *1 n.4 (D. Kan. Aug. 13, 2008).

district court." (internal quotation marks omitted)); *Thomas v. Parker*, 609 F.3d 1114, 1117 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 1691 (2011) ("We review de novo the district court's finding of failure to exhaust administrative remedies." (internal quotation marks omitted)); *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) ("We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.").

We have carefully reviewed the record on appeal, the parties' briefs, and the applicable law, and we AFFIRM the judgment of the district court for substantially the same reasons stated in its thorough September 30, 2010, memorandum and order. We GRANT Mr. McKeighan's motion for leave to proceed on appeal without prepayment of costs or fees and remind him that he must make partial payments until the entire appellate filing fee is paid in full.

Entered for the Court


William J. Holloway, Jr.
Senior Circuit Judge