FILED
United States Court of Appeals
Tenth Circuit

December 3, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID M. BRAINARD; CATHERINE
A. BRAINARD,

      Plaintiffs-Appellants,

v.

BAC HOME LOANS SERVICING, LP,

      Defendant-Appellee.

No. 12-1159
(D.C. No. 1:11-CV-01140-PAB-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Pro se Plaintiffs David M. Brainard and Catherine A. Brainard (collectively,

Brainards) appeal from the dismissal of their complaint for failure to state a claim.

They also complain about not being permitted to amend their complaint. They seek

to proceed on appeal without prepayment of fees. *See* 28 U.S.C. § 1915(a). We

exercise jurisdiction under 28 U.S.C. § 1291. We affirm the judgment and deny

leave to proceed without prepayment of fees.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  Background

Brainards' complaint concerned the foreclosure sale of their home.  The complaint asserted they had filed a notice of objection to the foreclosure in a Colorado state district court, demanding from defendant the original promissory note and deed of trust, as well as the original endorsement thereof.  Their objections were not credited and therefore they allege the state court proceedings had not "substantiate[d] Defendant's claim of being the legal holder or owner of the debt." R. at 4.[1]  The complaint also charged the state district court as being "unable or unwilling to regulate interstate commerce or to provide the same consumer protection available under 15 U.S.C. 41, Section 1692f [sic]."  *Id.*  In their proposed amendment to the complaint, Brainards specified various forms of relief they thought would be appropriate, but provided no additional facts.  Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing Brainards failed to state a plausible claim for relief and had not provided "a 'short and plain statement' of facts showing entitlement to relief."  *Id.* at 49.

The district court dismissed the complaint, characterizing it as "alleg[ing] that defendant is proceeding with a foreclosure on Brainards' property without having sufficiently established a right to do so," but "supply[ing] no supporting facts."  *Id.* at 94.  It also denied leave to amend the complaint because "Brainards [sought] to

---

[1]    Defendant has informed this court that defendant "BAC Home Loans Servicing, LP merged with and into Bank of America, N.A. on July 1, 2011."  Aplee. Br. at ii n.1.

supplement their requests for injunctive relief but include[d] no additional facts." *Id.* at 95.

## II. Discussion

This court's review of the dismissal order is de novo, "accepting as true all of the well-pled factual allegations and asking whether it is plausible that the plaintiffs are entitled to relief." *Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 886 (10th Cir. 2011) (internal quotation marks and brackets omitted). "To survive a [motion to dismiss for failure to state a claim], a plaintiff must allege sufficient facts to make her claim for relief plausible on its face. . . . If the allegations are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010) (internal quotation marks and ellipsis omitted).

"We read pro se complaints more liberally than those composed by lawyers. . . . Though we do not hold the pro se plaintiff to the standard of a trained lawyer, we nonetheless rely on the plaintiff's statement of his own cause of action." *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1024 (10th Cir. 2012) (internal quotation marks and italics omitted). Notwithstanding the liberal construction afforded pro se filings, this court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation

marks omitted). "[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009) (internal quotation marks omitted).

Brainards first argue defendant is not a creditor as defined by the Fair Debt Collection Practices Act. Relying on *Miller v. Deutsche Bank National Trust Co. (In re Miller)*, 666 F.3d 1255 (10th Cir. 2012), they claim entitlement to relief. But their complaint alleges no facts to show their circumstances were similar to those described in *Miller*, nor is the procedural posture of the cases similar. *Miller* was an appeal from an order granting relief from the automatic bankruptcy stay, *id.* at 1258, not from an order of dismissal for failure to state a claim. *Miller* does not help Brainards.

Next, Brainards argue their complaint was sufficient because it claimed defendant did not provide original documents, despite their repeated requests for them. In addition, they point to a state court order referring only to their initial lender, not to this defendant. These arguments do not "show that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). Our independent review of the complaint confirms the district court's assessment that it fails to state a claim upon which relief can be granted. Accordingly, dismissal under Rule 12(b)(6) was correct.

Brainards also assert error in the district court's refusal to grant them leave to amend their complaint. "[W]e generally review for abuse of discretion a district court's denial of leave to amend a complaint." *Cohen v. Longshore,* 621 F.3d 1311,

1314 (10th Cir. 2010). Where leave was denied "based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Id.* (internal quotation marks omitted). Consequently, we apply the de novo standard to ascertain whether the proposed amended complaint could survive dismissal. *See id.* at 1314-15.

The proposed amendment added no facts, but merely requested various forms of relief. Based on our de novo review, we conclude the district court correctly denied the proposed amendment because it would have been futile.

Brainards further complain the district court allowed misstatements in defendant's motion to dismiss to go unchallenged. But they did not file a responsive pleading to the motion in which they could have challenged the alleged misstatements. Moreover, the district court did not base its decision on the statements in the motion to dismiss but, rather, on the insufficiency of the complaint. Accordingly, we find no error.

Finally, we consider Brainards' claim that defendant mistakenly referred to an unidentified foreclosure in the motion to dismiss.[2] Brainards did not raise this argument in the district court, so we do not consider it. *See Curtis v. Chester*, 626 F.3d 540, 548 (10th Cir. 2010) ("Absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal." (internal quotation marks omitted)). Even so, we fail to see how they were harmed by this error.

---

[2] Brainards have withdrawn their arguments relating to their untimely receipt of the motion to dismiss and to defendant's duty to confer.

### III.    Filing and Docketing Fees

The district court denied Brainards' request to proceed on appeal without prepayment of fees (in forma pauperis).  28 U.S.C. § 1915 (a)(3).  They renewed the request here.  It is DENIED "because [they have] failed to present a nonfrivolous argument in support of the issues on appeal, and [they are] directed to pay the full appellate filing fee," *Thomas v. Parker*, 609 F.3d 1114, 1121 (10th Cir. 2010) (citation and footnote omitted).  All filing and docketing fees are immediately payable to the clerk of the district court.

### IV.    Conclusion

The judgment of the district court is AFFIRMED.


Entered for the Court


Terrence L. O'Brien
Circuit Judge