FILED
United States Court of Appeals
Tenth Circuit

December 19, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MURTAZA ALI,

      Plaintiff - Appellant,

v.

GREG PROVINCE, Warden; CURTIS
HOOD, Chief of Security; IRENE LEE,
Coordinator Faith Based Program;
STEVE MOLES, Unit Manager;
CAROL DEBOE, Case Manager;
DAVID MILLER, Warden; DEAN
CALDWELL, Deputy Warden,

      Defendants - Appellees,

and

JUSTIN JONES, Director DOC; BOBBY
BOONE, Deputy Director; DEBBIE
MORTON, Director's Designee; BRAD
JOHNSON, Chaplain; JANET CAVE,
Policy and Procedure; LISA FORD,
Kitchen Manager; DAVID MUSTAIN,
Vice President GEO Group; RENEE
WATKINS, Administrator Private
Prisons; DAN BUTLER, Chief of
Security; RAMONA HOLLIER, Contract
Monitor; ROCKY CANTWELL,
STG Officer; DAVID CLARK,
Grievance Officer; SABINE HILDNER,
RHU Officer; JANE DOE, Fleener and
Halvorson, Medical Supervisor; JANE
DOE, Roody, RHU SGT; JOHN DOE,
Tinker, Chaplain; JOHN DOE, Internal
Affairs; ALICIA MADDOCKS, Internal
Affairs Officer ODOC; JOHN DOE,
ODOC Legal; BILLY GIBSON,

No. 13-6093
(D.C. No. 5:11-CV-00505-C)
(W.D. Okla.)

Warden's Assistant; DENISE WALKER, Parole Investigator; MELISSA HALVERSON, Medical Supervisor; RICHARD TINKER, Chaplain; RONALD ANDERSON, Legal Counsel,

Defendants.

---

## ORDER AND JUDGMENT[*]

---

Before **GORSUCH**, **ANDERSON**, and **HOLMES**, Circuit Judges.

---

Murtaza Ali, an Oklahoma state prisoner, wrote to the administrator of the prison's faith-based program asking if she was a lesbian. Mr. Ali says he needed to know before applying to participate in the prison's faith-based programs because taking instruction from a homosexual would violate his Muslim faith. He says, too, that the defendants (prison officials all) proceeded to retaliate against him for his inquiry — retaliation that, Mr. Ali says, violated his First Amendment rights and led him to file this lawsuit pursuant to 42 U.S.C. § 1983.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

When the defendants moved for summary judgment, however, Mr. Ali didn't respond. His counsel repeatedly sought and received more time to reply, but when three months passed after the last deadline still without word from Mr. Ali or his counsel, the magistrate judge issued a report and recommendation suggesting dismissal. The magistrate judge suggested dismissal on the ground that the defendants had presented undisputed evidence proving that Mr. Ali failed to exhaust his administrative remedies before filing his lawsuit. Exhaustion of administrative remedies is, of course, a precondition to suit under the Prisoner Litigation Reform Act (PLRA) and "unexhausted claims cannot be brought in court." *Thomas v. Parker*, 609 F.3d 1114, 1117 (10th Cir. 2010). Alternatively, the magistrate judge recommended dismissal for certain defendants pursuant to the Eleventh Amendment, *see Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006), and dismissal for other defendants because they had not personally participated in the challenged actions, an essential element in a § 1983 claim, *see Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).

The district court, in turn, adopted the report and recommendation over Mr. Ali's objections and granted summary judgment to all defendants. In reply, Mr. Ali filed a motion to set aside the judgment under Fed. R. Civ. P. 60(a) and (b). He argued that he had failed to respond to the summary judgment motions only because of his attorney's deficient representation. The district court denied the motion,

explaining that counsel's performance could not have altered an outcome inevitably and unavoidably mandated by law.

Now before us, Mr. Ali argues that the magistrate judge abused his discretion by failing to issue a show cause order before filing his report and recommendation. With this, however, we cannot agree. The magistrate judge repeatedly granted Mr. Ali and his counsel extra time to respond to the defendants' motion for summary judgment, warned them in the last extension order that further extensions of time would not be favored, and waited an additional three months after the final deadline before issuing the report and recommendation, at which time the summary judgment motions had been pending for six months. The magistrate judge was not required to issue Mr. Ali a show cause order in these circumstances and we find no abuse of discretion in his course of conduct.

Alternatively, Mr. Ali argues that summary judgment was inappropriate because he substantially complied with PLRA's exhaustion requirement. The record, however, shows otherwise. Though some of Mr. Ali's proffered evidence (all of which was, again, untimely submitted after the magistrate's report and recommendation) suggests that he began the grievance process as to some claims, that same evidence also suggests he failed to correct cited procedural defects in his grievance forms. And it is settled law that "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Thomas*, 609 F.3d at 1118

(internal quotation marks omitted) (finding a failure to exhaust where inmate failed to cure noted deficiencies in his grievance forms).

To this, Mr. Ali replies that in January 2011 he was on "Grievance Restrictions," and thus unable to correct his defective grievance forms. But by that date the time for correcting his grievance had already come and gone. Neither does Mr. Ali explain any reason why he could not have corrected his grievances before January 2011. So all this turns out to help his cause not at all.

At the end of the day, we can report that we have carefully reviewed the record, including all of Mr. Ali's untimely-submitted materials, and find that even in light of these materials Mr. Ali has still failed to demonstrate he properly exhausted any of his claims or any disabling impediment precluding him from doing so. Given this, the district court could not have erred in dismissing Mr. Ali's claims against all of the defendants for failure to exhaust. And because no unexhausted claim can be considered by a court, *Thomas*, 609 F.3d at 1117, Mr. Ali's remaining challenges to the district court's actions, including its grant of summary judgment and its rejection of his Rule 60 motion must, of necessity, also fail.

Mr. Ali's motion to proceed on appeal without prepayment of costs and fees is granted. He is reminded that he is obligated to continue making partial payments until the entire obligation is paid. The judgment of the district court is affirmed for substantially the reasons stated in the magistrate judge's report and recommendation, dated February 19, 2013; the district court's order adopting the report and

recommendation, dated March 15, 2013; and the district court's order denying Ali's

Rule 60 motion, dated April 3, 2013.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge