**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JASON FORBES,

        Plaintiff - Appellant,

v.

GARCIA, Deputy, EID #13141;
YOSHIMIYA, Deputy, EID #13080;
GONZALES, Deputy, EID #07092,

        Defendants - Appellees,

and

C. JOHNSON, Deputy, EID #13095;
CHOAFE, Deputy, EID #12023;
WILLIAM WEBSTER, Deputy,

        Defendants.

No. 17-1012
(D.C. No. 1:15-CV-01860-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

[*]     The plaintiff asks us to decide the appeal based on the briefs because his hearing impairment would impede oral argument. In light of the plaintiff's stated preference, we have decided not to require oral argument. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

     This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

This appeal involves exhaustion of administrative remedies. The case itself grew out of a prisoner's allegations of excessive force in a county jail and at a county courthouse. The district court concluded that the claims were unexhausted and granted the defendants' motion for summary judgment. The plaintiff appeals and seeks leave to proceed in forma pauperis. We grant leave to proceed in forma pauperis, but we affirm the award of summary judgment.

*Leave to proceed in forma pauperis.* The plaintiff lacks sufficient funds to prepay the filing fee, and his appeal is not frivolous. As a result, we grant leave to proceed in forma pauperis.

*Award of summary judgment to the defendants.* We also affirm the award of summary judgment because the plaintiff's claims are unexhausted.

The Prison Litigation Reform Act requires exhaustion of administrative remedies. *Thomas v. Parker*, 609 F.3d 1114, 1117 (10th Cir. 2010). To comply with this requirement, the prisoner must comply with all of the prison's procedures. *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010). Identifying these procedures requires us to consider the inmate handbook. *See Jones v. Bock*, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's

requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The inmate handbook identified a process with three steps. The first step consisted of informal discussion with the deputy, sergeant, or shift supervisor. The second step involved the filing of a formal grievance within five working days of the incident, with specific details such as the date, time, and location. The third step involved an appeal to a staff member.

The district court concluded that the plaintiff had failed to complete these steps. In considering this conclusion, we engage in de novo review,[1] drawing all reasonable inferences and resolving all factual disputes in favor of the plaintiff. *Yousuf v. Cohlmia*, 741 F.3d 31, 37 (10th Cir. 2014).

As discussed above, the first alleged incident took place at the county jail. For this incident, the plaintiff requested medical treatment but did not file a formal written grievance about the use of excessive force. *See, e.g.*, Plaintiff's Reply Br. at 2 ("Even though plaintiff did not give a verbatim format of the grievances in his declaration he stated it was in regards to claim #1 and 4 which the district court review to depict excessive force."). He did refer to the incident in a grievance, but the

---

[1] The plaintiff also contends that the district court incorrectly accepted the defendants' account of the medical care that was provided. For the sake of argument, we have disregarded the district court's account of the medical care provided to the plaintiff.

grievance itself involved the failure to provide a refund for a pizza. There was insufficient information in the grievance about the use of excessive force. Thus, the district court correctly granted summary judgment to the defendants on this claim.

The second alleged incident involved an assault at the county courthouse. For this incident, the plaintiff asked only about medical treatment and did not submit a grievance discussing the use of force.

Roughly three months after the alleged incident, he was asked who had provided his medical care. In answering, the plaintiff mentioned an unnamed deputy's use of excessive force. This answer lacked the necessary specificity and was made outside the five-day deadline for grievances. Thus, the district court correctly granted summary judgment to the defendants on this claim.

Affirmed.

Entered for the Court

Robert E. Bacharach
Circuit Judge