**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 20, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAYVELL VANN,

    Defendant - Appellant.

No. 17-2196
(D.C. Nos. 1:16-CV-01204-PJK-KRS and
1:12-CR-00966-PJK-1)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

Petitioner Rayvell Vann, a federal prisoner proceeding *pro se*, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255."). He also seeks leave to proceed *in forma pauperis*. We deny the request for a COA and dismiss this matter, and also deny Vann's motion to proceed *in forma pauperis*.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

# I

Vann was convicted in 2013 of possession with intent to distribute

phencyclidine (PCP) and codeine. He was sentenced to 180 months' imprisonment

and eight years of supervised release. On direct appeal, we affirmed the conviction

and sentence. *United States v. Vann*, 776 F.3d 746 (10th Cir. 2015). The Supreme

Court denied certiorari. *Vann v. United States*, 136 S. Ct. 434 (2015).

Vann then filed this timely § 2255 motion, arguing that he received ineffective

assistance of counsel at his trial and sentencing in 2013. Vann's § 2255 motion came

before a magistrate judge, who recommended denying the § 2255 motion. The district

court subsequently adopted the magistrate judge's findings and recommendation, and

denied a COA. Vann now seeks a COA from this court. In his brief, he continues to

pursue an ineffective assistance of counsel theory and argues that the district court

should have held a hearing to address his motion.[1] Aplt. Br. at 2.

# II

To merit a COA, Vann must make "a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). This will occur when "jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a

constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Vann alleges that he received ineffective assistance of counsel. This

requires him to show (1) that his counsel was constitutionally ineffective, and (2) that

---

[1] Vann did not explicitly ask for an evidentiary hearing in his § 2255 motion. ROA, Vol. I at 4–15. Yet, the government construed the filing as asking for a hearing and provided reasons why a hearing should not occur. *See id.* at 19–20.

the result of his trial would have been different if not for his counsel's ineffectiveness. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Vann argues that his two trial attorneys were ineffective because they did not call Dr. Eugenia Brazwell as a defense witness. Vann hired Brazwell shortly after his arrest, and had Brazwell conduct an independent test on the liquid the government seized from Vann to determine whether it contained PCP. Like the government, Brazwell confirmed the presence of PCP in the sample that she tested. ROA, Vol. I at 77. In a letter following her test, Brazwell referenced her analysis of a "liquid drug mixture." *Id.* at 50. Yet, later in the same letter, Brazwell referred to her analysis of urine. *Id.* If her reference to urine was accurate—and not, as the magistrate judge proposed, a "scrivener's error," *Id.* at 76—then it would be inconsistent with the rest of the evidence in the government's case against Vann, as well as inconsistent with Brazwell's report that accompanied the letter in question.[2]

Vann argues that his trial counsel was ineffective for not calling Brazwell and asking her about the reference to urine in her letter. If this testimony had occurred, Vann argues, the jury could have inferred that both Brazwell and the government tested the wrong sample for PCP, and that Vann was not guilty of possession with intent to distribute PCP. In other words, Vann assumes Brazwell's testimony would have been admitted as he hoped, and he assumes the outcome of the testimony would have been to his benefit.

---

[2] Brazwell's report is not in the record. ROA, Vol. I at 76. But it concluded that the sample she tested contained PCP. *See id.* at 77.

However, we must consider this issue within the larger context of Vann's trial, and determine whether the decision by Vann's counsel to not question Brazwell regarding the reference to urine in the letter was a reasonable strategic decision. "Unlike a later reviewing court, the attorney[s] observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). In many cases, when considering the prospect of additional testimony, "it is at least as reasonable, and maybe more so, to speculate that the testimony of those witnesses [who were not called] would have damaged defendant's case." *United States v. Snyder*, 787 F.2d 1429, 1432 (10th Cir. 1986).

It is very possible that by calling Brazwell and questioning her regarding the PCP testing, counsel would have only solidified by repetition the same PCP results found by the government's expert. This sort of possibility is among the reasons that "[s]trategic or tactical decisions on the part of counsel are presumed correct unless they were completely unreasonable, not merely wrong, so that they bear no relationship to a possible defense strategy." *Moore v. Marr*, 254 F.3d 1235, 1239 (10th Cir. 2001) (citations and quotations omitted).

Given that case law describing the broad sweep of discretion in trial strategy forecloses Vann's claim that his trial counsel was ineffective, Vann was not entitled to an evidentiary hearing on the matter—which would have been a "futile venture." *United States v. Stine*, ___ F. App'x ___, No. 17-1368, 2018 WL 258769, at *3 (10th Cir. Jan. 2, 2018).

4

Finally, "because [Vann] has failed to present a nonfrivolous argument in support of the issues on appeal," *Thomas v. Parker*, 609 F.3d 1114, 1121 (10th Cir. 2010), we deny Vann's motion to proceed *in forma pauperis*.

## III

We therefore **DENY** Vann's motion for a COA and dismiss this matter. We also **DENY** his motion to proceed *in forma pauperis*.

Entered for the Court


Mary Beck Briscoe
Circuit Judge