**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 20, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALONZO LYDELL MOORE,

    Petitioner - Appellant,

v.

RICK RAEMISCH, Executive Director, Colorado Department of Corrections; LAURIE TAFOYA, Warden, San Carlos Correctional Facility; CYNTHIA COFFMAN, Attorney General, State of Colorado,

    Respondents - Appellees.

No. 17-1346
(D.C. No. 1:16-CV-02518-RPM)
(D. Colo.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

Plaintiff-Appellant Alonzo Lydell Moore seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 motion. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."). He also seeks leave to proceed *in forma*

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

*pauperis.* We deny the request for a COA and dismiss this matter, and also deny Moore's motion to proceed *in forma pauperis.*

**I**

*Moore's trial*

In 1995, when he was approximately 18 years old, Moore was shot in the head. He suffered brain damage to his frontal lobe. Two years later, in 1997, he was charged with first-degree murder, felony murder, and two counts of burglary after he stabbed his ex-girlfriend to death. Moore's appointed counsel had Moore undergo an examination to determine whether he was competent to stand trial. Moore strongly opposed the examination. Nonetheless, Moore underwent an examination, which produced a report recommending that the trial court find Moore competent to stand trial. App. at 137.

After the examination, but before the ultimate determination of competency, Moore sent the trial court judge a letter, asking if he "could get another lawyer." *Id.* at 86. Moore wrote that his attorney was "not taking this case very seriously," and explained that Moore was "very upset because [his] lawyer forced [him] into going to the State Hospital for testing, which [he] didn't need at all." *Id.* Eleven days after Moore's letter, the trial judge found Moore competent to stand trial. At the competency hearing, Moore repeated his request for new counsel. After asking Moore a series of questions about his counsel—but without hearing from Moore's counsel—the judge stated "there is not a sufficient basis for removal" of Moore's counsel. *Id.* at 121.

2

Trial did not begin until approximately 20 months later. Still, Moore maintained the same appointed counsel. During jury selection, Moore and his counsel disagreed about whether to strike a prospective juror whose mother and cousin had been murdered. Eventually, the prospective juror was seated, and was part of the jury that found Moore guilty of both first-degree murder and felony murder. The trial judge later sentenced Moore to life imprisonment without the possibility of parole, a sentence Moore continues to serve.[1]

*Procedural history*

Moore filed a direct appeal. The Colorado Court of Appeals affirmed the first-degree murder and two burglary convictions, but vacated the felony murder conviction. App. at 34–50; *People v. Moore*, No. 99CA1288, 2002 WL 1764434, at *1 (Colo. App. Jan. 17, 2002). The Colorado Supreme Court denied Moore's petition for writ of certiorari.

In 2002, Moore filed a petition for post-conviction relief in Colorado state court under Colorado Crim. P. 35(c). That petition languished unaddressed—despite numerous letters from Moore—and Moore eventually filed another petition under Crim. P. 35(c) in 2009. *See* App. at 55. The Colorado state trial court denied the 2009 petition, concluding that it was a successive petition. On appeal, the Colorado Court of Appeals determined that the 2009 petition was indeed a successive petition, but noted that the trial court never addressed Moore's 2002 Crim. P. 35(c) petition.

---

[1] The judge also sentenced Moore to a concurrent term of 12 years for the two burglary convictions. App. at 141.

It remanded to the trial court to consider that 2002 petition. App. at 62–65; *People v. Moore*, No. 09CA1675, 2011 WL 2001937, at *1 (Colo. App. May 19, 2011).

On remand, the trial court denied Moore's 2002 Crim. P. 35(c) petition. App. at 110–14. The Colorado Court of Appeals affirmed the denial. *Id.* at 67–82; *People v. Moore*, No. 13CA0988, 2015 WL 1299723, at *1 (Colo. App. Mar. 19, 2015). And the Colorado Supreme Court denied Moore's petition for writ of certiorari. *Moore v. People*, No. 15SC314, 2015 WL 5934719, at *1 (Colo. Oct. 13, 2015).

Nearly a year later, with the assistance of counsel, Moore filed this motion under 28 U.S.C. § 2254, asserting that the state trial court had denied him his Sixth Amendment rights in 1997. The district court denied the motion and denied Moore a COA. With the assistance of counsel, Moore now appeals.

## II

To merit a COA, Moore must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This will occur when "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Moore has not made this sort of substantial showing, and is not entitled to a COA. As the Colorado Court of Appeals stated in denying Moore post-conviction relief in 2015, Moore had the opportunity to present facts and reasons in support of his request for new counsel. However, Moore provided only generic and conclusory accusations that a conflict existed with his counsel, that he did not get along with his counsel, and that his counsel was not taking his case seriously. As the Colorado

4

Court of Appeals concluded, discord between counsel and a client "does not create a Sixth Amendment violation," and "a trial court cannot be expected to . . . unilaterally decide whether the level of civility is concerning" between an attorney and his client. App. at 80 (citing *Cuyler v. Sullivan*, 446 U.S. 335 (1980)); *see also Morris v. Slappy*, 461 U.S. 1, 12–13 (1983). Because Moore has failed to present an issue upon which reasonable jurists could disagree, his case does not deserve encouragement, and we deny his request for COA.

Further, "because [Moore] has failed to present a nonfrivolous argument in support of the issues on appeal," *Thomas v. Parker*, 609 F.3d 1114, 1121 (10th Cir. 2010), we also deny Moore's motion to proceed *in forma pauperis*.

## III

We therefore **DENY** Moore's motion for a COA and dismiss this matter. We also **DENY** Moore's motion to proceed *in forma pauperis*.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

5