**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 4, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EZEKIEL DAVIS,

           Plaintiff - Appellant,

v.

CARL BEAR, Warden's Assist;
CAPTAIN DUTY, Correctional
Officer; CAPTAIN HENDERICKS,
Correctional Officer; LIEUTENANT
BARBER, Correctional Officer;
TATE, Chief of Security; TRACY
McCOLLUM, Acting Warden;
PAULA BETHEA, Law Librarian;
JOHNNY BLEVINS, Internal Affairs
Admin; STEFANIE LAWSON, Assist
AG,

           Defendants - Appellees.

No. 13-6109

(W.D. Oklahoma)

(D.C. No. 5:12-CV-00330-HE)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff and appellant, Ezekiel Davis, a state prisoner appearing *pro se*, appeals an order of the district court in favor of defendants, a number of employees of the Oklahoma Department of Corrections ("ODOC"), in this 42 U.S.C. § 1983 action.  For the following reasons, we affirm that order.

**BACKGROUND**

Mr. Davis, currently an inmate at the Cimarron Correctional Facility ("CCF") serving a life sentence for a first degree murder conviction, was incarcerated at the Oklahoma State Reformatory ("OSR") during the time relevant to this action.  While at OSR, Mr. Davis was apparently forcibly removed from the law library on February 14, 2012, for engaging in disruptive behavior.  He did not sustain any injuries nor did he file any grievance.  This incident, however, appears to form the core of the broader allegations detailed below.

Claiming that the defendants[1], ODOC employees, were violating his constitutional rights, he filed the instant 42 U.S.C. § 1983 action.  His complaint averred that the defendants denied him access to the courts by interfering with his

_____

[1]The defendants were Carl Bear, Johnny Blevins, Lieutenant Barber, Paula Bethea, Captain Duty, Captain Hendericks, Tracy McCollum and Chief of Security Tate.  We have identified the specific names to the extent we can glean from the record.

law library access and with his legal mail, using excessive force when removing him from the law library on February 14, 2012, wrongly subjecting him to grievance restrictions and otherwise conspiring to violate his constitutional rights.[2]  He also claimed retaliation by at least defendants Mr. Bear and Ms. Bethea, on the ground that he (Mr. Davis) had previously sought a restraining order against Mr. Bear and on the basis of claimed correspondence with other defendants concerning a "threat."  Mr. Davis sought compensatory and punitive damages.

Defendants Blevins, Barber, Bethea, Duty, Hendrix, McCollum and Tate filed a motion to dismiss/motion for summary judgment arguing, *inter alia*, failure to state a claim, failure to exhaust, and Eleventh Amendment immunity. The matter was referred to a magistrate judge, who issued a Report & Recommendation, recommending the grant of judgment to the defendants. Mr. Davis filed objections to the report and recommendation, and sought leave to amend his complaint.  The district court denied permission to amend and adopted the report and recommendation.  The court accordingly granted defendants' motion for summary judgment as to some claims (counts one and two) because

[2]Mr. Davis's specific allegations were:  count one–violation of his First Amendment right of access to the courts; conspiracy to deny him access to the courts and retaliation; count two–violation of the Eighth Amendment by use of excessive force on February 14, 2012; conspiracy to use excessive force; count three–deprivation of his Fourteenth Amendment rights by pursuing allegedly false misconduct charges against him; and count four–"participation in a section 1985 and 1986 civil conspiracy."  Compl. at p.16.

Mr. Davis had failed to properly exhaust his administrative remedies. The court

dismissed the remaining claims (counts three and four) without prejudice for

failure to state a valid claim for relief.[3]

Subsequently, defendant Carl Bear filed a motion to dismiss/motion for

summary judgment, asserting substantially the same arguments as the preceding

defendants. The district court likewise granted summary judgment to Mr. Bear on

counts one and two, based on Mr. Davis's failure to exhaust his administrative

remedies, and on the remaining claims for failure to state a valid claim for relief.

Mr. Davis has appealed both orders which resulted in a final judgment addressing

all claims.[4]

**DISCUSSION**

Mr. Davis appeals the grant of summary judgment to the defendants for

failure to exhaust his administrative remedies and the dismissal of his remaining

---

[3]Count three of Mr. Davis's complaint alleged a violation of his Fourteenth Amendment due process rights in connection with proceedings alleging misconduct by Mr. Davis. The magistrate judge recommended dismissal of count three on the ground that it was premature under Heck v. Humphrey, 512 U.S. 477 (1994). The district court agreed with that in the proceedings involving defendant Bear. Mr. Davis did not object to that dismissal, however, in the proceedings involving the remaining defendants. In any event, in its final order, the district court dismissed count three without prejudice.

[4]The defendants have urged us to take note of the fact that Mr. Davis has been involved in eleven other, unrelated, appeals from the district courts of Oklahoma.

-4-

claims for failure to state a claim. He also challenges the district court's denial of his motion to amend his complaint on the ground that his motion was untimely.

We review Mr. Davis's challenge to the grant of summary judgment "de novo, applying the same legal standard as the district court." Nielson v. Ketchum, 640 F.3d 1117,1121 (10th Cir. 2011) (internal quotation marks omitted). "We review de novo the district court's finding of failure to exhaust administrative remedies." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).

Under the Prisoner Litigation Reform Act ("PLRA"), exhaustion of all available administrative remedies is mandatory, and unexhausted claims cannot be brought in court. Jones v. Bock, 549 U.S. 199, 211 (2007); see also 42 U.S.C. § 1977e(a). "[P]risoners must complete the administrative review process in accordance with the applicable procedural rules . . . defined not by the PLRA, but by the prison grievance process itself." Jones, 549 U.S. at 218. Substantial compliance is insufficient to show exhaustion. Jernigan, 304 F.3d at 1032.

ODOC policy No. OP-090124, titled "Inmate/Offender Grievance Process," governs the procedures for resolving inmate complaints at the OSR. It provides a four-step process. An inmate begins the process by speaking informally with a case manager or other staff member. See Defs.' Mot. to Dismiss, Attach. 1; see also Little v. Jones, 607 F.3d 1245, 1249 (10th Cir. 2010). If the issue is unresolved, the inmate may then submit a "Request to Staff." If that request is

-5-

unsuccessful, the inmate may file a grievance. If the inmate is not satisfied with the response to the grievance, the inmate must appeal to the administrative review authority or the chief medical officer, if appropriate. As indicated, an inmate must complete all four steps.

The ODOC grievance process provides instructions for filing grievances on a range of issues, including claims of retaliation and emergency/sensitive issues. The grievance procedure provides a mechanism by which an inmate may bypass staff directly involved in the inmate's particular issue. The grievance procedure also defines emergency/sensitive issues and provides guidance for grievances found to not be of a sensitive or emergency nature. Inmates who abuse the grievance process are subject to grievance restrictions. When an inmate is placed on grievance restrictions, he must meet additional requirements in order to participate in the grievance process. See Defs's Mot. to Dismiss, Attach. 1 at ¶ IX. As the defendants aver, the grievance restriction process imposes additional steps on an inmate, but it does not prohibit that inmate from pursuing administrative remedies. See Thomas v. Parker, 609 F.3d 1114, 1119 (10th Cir. 2010).

Mr. Davis argues that he was placed on grievance restriction and that the return of his emergency/sensitive grievance without action rendered the administrative remedies unavailable to him. The record in this case shows that Mr. Davis did not file any grievances regarding the excessive force or access to

the court issues he raised in court below. The one grievance he did attempt was returned unanswered because of multiple deficiencies. We fully agree with the district court that Mr. Davis "has not demonstrated that he exhausted his administrative remedies with respect to his claims in counts one and two, or that exhaustion was excused." 2/21/2013 Order at 3. We therefore affirm the district court orders granting to the defendants summary judgment on his first two counts because Mr. Davis failed to exhaust his administrative remedies.

We turn to the district court's dismissal of Mr. Davis's remaining two issues (counts three and four) for failure to state a claim. "We review a Rule 12(b)(6) dismissal de novo, accepting as true all well-pleaded factual allegations in the complaint and viewing them in the light most favorable to the plaintiff." Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registrations Sys., Inc., 680 F.3d 1194, 1201 (10th Cir. 2011). We also address Mr. Davis's argument that the court erred in denying him permission to amend his complaint. We "review for abuse of discretion a district court's denial of leave to amend a complaint." Berneike v. CitiMortgage, Inc., 708 F.3d 1141, 1145 (10th Cir. 2013)).

The district court found that Mr. Davis failed to object to its recommendation of dismissal of his third count claiming a conspiracy to violate his rights under the Fourteenth Amendment, and the court accordingly concluded he had waived any review of that claim. The court also found that, in any event,

the allegations in count three were premature and subject to dismissal under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  That leaves Mr. Davis's fourth claim, that the defendants "had participated in a section 1985, 1986 civil conspiracy."  Compl. p. 15.  Mr. Davis also argued that he should be allowed leave to amend that claim to include a claim under 42 U.S.C. § 1983.  The district court held as follows regarding this claim:

> The magistrate judge recommended the dismissal of count four on the ground plaintiff failed to allege the discriminatory animus required for a violation of § 1985(3).  Plaintiff alleges in his complaint that he is an African-American and, in his objection, asserts that "all of the defendants are Caucasian" and "the Court could infer racial and other class-based, invidiously discriminatory animus behind the conspirators' action."  However, those assertions, even when combined and considered in conjunction with the complaint, are insufficient to allege a conspiracy claim under 1985 that "is plausible on its face."

2/21/2013 Order at 4 (quoting in part <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  We agree with that analysis and accordingly affirm the district court's dismissal of count four on that basis.

Finally, we agree with the district court's rejection of Mr. Davis's request to amend his complaint.  The court did not abuse its discretion in declining to permit Mr. Davis's untimely and almost certainly futile amendment.

Mr. Davis has filed a request to proceed *in forma pauperis*.  While we note Mr. Davis's extensive past and ongoing litigation, and the dismissal in this case of two of his claims for failure to state a claim, we cannot say that this entire

appeal is frivolous. We accordingly grant Mr. Davis leave to proceed on appeal *in forma pauperis* and remind him of his obligation to pay his fees in full and further remind him that additional claims may very well result in strikes in appropriate circumstances. See 28 U.S.C. § 1915(g).

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge