**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 3, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TYRONE HENRY MCMILLER,

Plaintiff - Appellant,

v.

JUSTIN JONES, Director DOC; TRACY
MCCOLLUM, Warden; BRUCE
BORNHEIM, Deputy Warden; TED
DURFFY, Deputy Warden; DAVID
TATE, Chief of Security; CHAD
DENNIS, Captain; TIFFANIE MCGILL,
Lieutenant; BRAD EAKINS,
Correctional Officer; L. D. ORMAND,
Case Manager; HARBEY GONZALEZ,
Unit Manager,

Defendants - Appellees.

No. 14-6103
(D.C. No. 5:13-CV-00711-W)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **BACHARACH**, and **McHUGH**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Tyrone Henry McMiller, a prisoner in the Oklahoma Department of Corrections ("ODOC"), filed a civil rights complaint under 42 U.S.C. § 1983 seeking damages from defendants related to injuries he suffered in an assault by another prisoner. The district court granted defendants summary judgment, concluding that Mr. McMiller had not exhausted his administrative remedies before filing suit. The court dismissed his complaint with prejudice after concluding that his claims were procedurally defaulted. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

*I.*

Mr. McMiller alleged in his complaint that, while he was confined in a segregation housing unit ("SHU") on January 29, 2013, defendant McGill placed another inmate, Mr. Williams, in his cell who then assaulted him with a razor blade ("January 29 Assault"). Mr. McMiller, who is African American, claimed that defendants were aware of the risk of harm to him that would result from sharing a cell with Mr. Williams. He alleged that Mr. Williams, a Native American and a member of the Indian Brotherhood gang, had stabbed another African American inmate in a gang fight in the prison yard minutes before being sent to the SHU. Lt. McGill then housed Mr. Williams with Mr. McMiller, despite Mr. Williams' statement to her that he would not live with an African American inmate and his threat that there would be trouble. Mr. McMiller asserted claims against defendants under the Eighth and Fourteenth Amendments and the Equal Protection Clause.

## II.

Defendants moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, or alternatively, for summary judgment under Fed. R. Civ. P. 56(a) on the ground that Mr. McMiller failed to exhaust his administrative remedies. The district court referred the motion to a magistrate judge, who issued a report and recommendation ("R&R") to grant defendants summary judgment based on Mr. McMiller's failure to exhaust. The R&R noted the requirement under the Prison Litigation Reform Act ("PLRA") that a prisoner must exhaust his administrative remedies before filing an action in federal court challenging prison conditions. *See* 42 U.S.C. § 1997e(a); *Thomas v. Parker*, 609 F.3d 1114, 1117 (10th Cir. 2010).

### A.

"Because the prison's procedural requirements define the steps necessary for exhaustion, an inmate may only exhaust by properly following all of the steps laid out in the prison system's grievance procedure." *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (citation omitted). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies. The doctrine of substantial compliance does not apply." *Thomas*, 609 F.3d at 1118 (citation, internal quotation marks, and brackets omitted). But the PLRA only requires the exhaustion of administrative remedies "as are available." 42 U.S.C. § 1997(e)(a). And "[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative

- 3 -

remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little*, 607 F.3d at 1250.

## *B.*

The ODOC procedure for exhausting administrative remedies is set forth in ODOC Policy OP-090124. *See* R. at 240-57. The magistrate judge found that this grievance process has four progressive steps with specified deadlines: (1) an informal attempt to resolve the matter with the appropriate staff member within three days of the incident, R. at 244; (2) submission of a Request to Staff ("RTS") form within seven days of the incident, *id.*; (3) submission of a grievance to the Reviewing Authority (in this case, defendant McCollum, the prison Warden) within fifteen days of either the incident or the response to the RTS, whichever is later, *id.* at 245-46, 240; and (4) a grievance appeal to the Administrative Review Authority ("ARA") within fifteen days of the Warden's response, *id.* at 249. Upon receipt of the ARA's final ruling, the inmate has satisfied the exhaustion of administrative remedies under the ODOC process. *See id.* at 251.

Importantly, a grievance submitted to Warden McCollum must be based on a timely submitted RTS and must attach a copy of the RTS. *Id.* at 245-46. In addition, the ODOC policy defines and provides a separate process for submitting "sensitive" and "emergency" grievances directly to Warden McCollum. *Id.* at 252-53. It also permits an inmate to file a grievance when there has been no response to an RTS after thirty days ("No-Response Grievance"). *Id.* at 245. And if a grievance has been

- 4 -

denied by Warden McCollum and the ARA as untimely, an inmate may request to submit the grievance out of time. *Id.* at 255.

## *C.*

The magistrate judge reviewed the record regarding Mr. McMiller's submissions related to the January 29 Assault under the ODOC grievance policy and found that he initially submitted a sensitive/emergency grievance to the ARA on February 1, 2013. The ARA responded on February 6 that his grievance did not involve a sensitive or emergency matter and directed Mr. McMiller to use the regular grievance process.

Mr. McMiller then submitted two RTS forms to different staff members on February 14 and 15. In response he was told that he had used the wrong form. Meanwhile, he submitted a No-Response Grievance to Warden McCollum on February 14, asserting that Lt. McGill had failed to respond to an RTS he had submitted to her on January 30, 2013. The magistrate judge noted there was no copy of this RTS in the record. Mr. McMiller submitted two new RTS forms to different staff members on February 18, both of which were responded to on February 21.

On February 25, Mr. McMiller received a response to his No-Response Grievance. It was returned unanswered because he had not attached his January 30 RTS. Warden McCollum gave him a final opportunity to submit a corrected grievance within ten days.

Mr. McMiller next submitted a grievance to Warden McCollum on March 4, 2013. This grievance referenced his previous sensitive/emergency grievance, as well as several RTS forms. Warden McCollum returned the March 4 grievance unanswered because it was out of time from the January 29 date of the incident, and because it addressed more than one issue, in violation of the grievance policy. Mr. McMiller received that response on March 11, after which he submitted a grievance appeal to the ARA on March 13. He argued that he had presented only one issue and that his grievance was timely because he had submitted his February 18 RTS forms within seven days of being told to use the regular grievance procedure. The ARA responded on March 21 that Mr. McMiller's grievance was filed improperly. The ARA agreed with Warden McCollum that it was out of time from the date of the incident and that it raised more than one issue. Mr. McMiller did not request to submit his grievance out of time. He filed his complaint on July 11, 2013.

### D.

The magistrate judge concluded that Mr. McMiller failed to exhaust his administrative remedies because he began but did not complete the ODOC grievance process. The R&R initially found that, under the ODOC policy, the filing of a sensitive/emergency grievance does not extend the seven-day deadline for submitting a timely RTS following an incident. After finding that Mr. McMiller's claims were procedurally defaulted because his grievance was untimely under the ODOC policy, the magistrate judge recommended a dismissal with prejudice.

Mr. McMiller filed objections to the R&R, in which he argued that his failure to exhaust his administrative remedies should be excused because he had been prevented from and hindered in using the ODOC grievance process, making it unavailable. He made the following specific contentions:

- The magistrate judge erred in concluding that he began the grievance process by filing a sensitive/emergency grievance on February 1, 2013, because he first submitted a proper and timely RTS to Lt. McGill on January 30, 2013.
- Lt. McGill prevented him from completing the grievance process by failing to respond to that RTS.
- Warden McCollum erred in concluding that he failed to attach a copy of the January 30 RTS to his No-Response Grievance, and further impeded him by failing to order Lt. McGill to respond to that RTS.
- He nonetheless attempted to follow the grievance procedure by filing an RTS on February 18, which he argued was timely based on Lt. McGill rendering the grievance process unavailable by failing to respond to his January 30 RTS.
- His ability to use the grievance process was also impeded because officials in the SHU gave him outdated RTS forms and because the grievance process is unclear.
- Contrary to ODOC's conclusion, all of his grievance submissions addressed only one issue—the January 29 Assault—and in any event, the ARA has no authority to deny an appeal because it raises multiple issues.

After reviewing Mr. McMiller's objections de novo, the district court adopted the magistrate judge's R&R, granted defendants summary judgment, and dismissed his claims with prejudice.

### III.

"We review de novo the district court's finding of failure to exhaust administrative remedies." *Little*, 607 F.3d at 1249 (internal quotation marks omitted). Because Mr. McMiller is a pro se party, we liberally construe his appellate

briefs.  *See Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).  In his opening

appeal brief, Mr. McMiller raises the following issues:

(1)  His grievance regarding the January 29 Assault was timely because he

submitted a new grievance on February 4, within the ten-day period that the ARA

gave him to correct the procedural deficiency in his No-Response Grievance;

(2)  Lt. McGill's failure to respond to his January 30 RTS made the ODOC

grievance process unavailable to him;

(3)  The grievance process was also made unavailable when staff members in

the SHU gave him an outdated RTS form because he had no other access to the

proper form;

(4) Warden McCollum and the ARA erred in concluding that his grievance

raised more than one issue; and

(5)  The ARA erred in concluding that he filed his sensitive/emergency

grievance improperly.

### A.

Mr. McMiller waived two of his appeal arguments by failing to raise them in

his objections to the magistrate judge's R&R.  "This circuit has adopted a firm

waiver rule when a party fails to object to the findings and recommendations of the

magistrate judge."  *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010)

(internal quotation marks and brackets omitted).  Under this rule, "the failure to make

timely objection waives appellate review of both factual and legal questions."  *Id.*

- 8 -

(internal quotation marks and ellipsis omitted).  Moreover, "a party's objections to the magistrate judge's report and recommendation must be . . . specific to preserve an issue for . . . appellate review."  *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

First, although Mr. McMiller contended in his objections to the R&R that his grievance was timely, he seeks to raise an entirely different argument regarding timeliness on appeal.  *See Soliz v. Chater*, 82 F.3d 373, 375-76 (10th Cir. 1996) (holding specific appellate arguments not raised in objections to R&R are waived). He now asserts that his March 4 grievance was timely because Warden McCollum gave him ten days from February 25 to correct the procedural deficiency in his No-Response Grievance.  Mr. McMiller did not make that contention in his objections, in which he instead argued that his February 18 RTS was timely because Lt. McGill had rendered the grievance process unavailable by failing to respond to his January 30 RTS.  Mr. McMiller also did not raise in his objections any claim that the ARA erred by concluding that he improperly filed a sensitive/emergency grievance.

There are two exceptions to the firm waiver rule, but neither is applicable in this case.  *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008).  First, as a pro se litigant, Mr. McMiller was properly "informed of the time period for objecting and the consequences of failing to object."  *Id.*  Second, he has not shown that "the interests of justice require review."  *Id.* (internal quotation marks omitted).  "Among

the factors this court has considered in determining whether to invoke the interests-of-justice exception are [1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised." *Casanova*, 595 F.3d at 1123 (internal quotation marks and brackets omitted). These factors do not weigh in Mr. McMiller's favor because he filed objections to the magistrate judge's R&R, yet he provides no explanation why he omitted two claims of error he now seeks to raise. Nor has he shown that these issues are "of considerable import." *Id.* at 1124 (internal quotation marks omitted). We therefore conclude that Mr. McMiller has waived appellate review of these contentions and we decline to address them.

### *B.*

Mr. McMiller preserved the remainder of his appeal issues by raising them in his objections to the magistrate judge's R&R. He argues that his submissions under the ODOC grievance process raised a single issue—the January 29 Assault—contrary to the conclusion of Warden McCollum and the ARA. He further contends that the ARA had no authority to reject his grievance appeal on the basis that it raised more than one issue. *See Little*, 607 F.3d 1245, 1250 (10th Cir. 2010). He claims that, by rejecting his grievance appeal on that ground, the ARA impeded his completion of the grievance process. *See id.*[1] But Mr. McMiller ignores that the ARA did not deny

---

[1]    We held in *Little* that the ARA rendered the final step of the ODOC grievance process unavailable to an inmate by rejecting his appeal, without authorization to do
(continued)

- 10 -

his grievance appeal solely because it raised more than one issue. *See Thomas*, 609 F.3d at 1118 n.1 (noting plaintiff challenged one basis for rejection of his grievances, which were denied on multiple grounds). The ARA also concluded that his grievance was out of time from the date of the incident, and Mr. McMiller has not demonstrated that determination was in error. Although he claims that he submitted a timely RTS to Lt. McGill the day after the January 29 Assault, and that she failed to respond, he did not cure the deficiency identified in his No-Response Grievance (his failure to attached the January 30 RTS). He instead chose to submit a new, untimely RTS, resulting in the ARA's conclusion that his grievance was out of time from the date of the incident.

For the same reason, we reject his assertion that Lt. McGill's failure to respond to his January 30 RTS made the ODOC grievance process unavailable to him. He asserts that, upon receiving no response to that RTS, he had fully exhausted his administrative remedies. But as noted, the ODOC process provides for the filing of a No-Response Grievance if a staff member fails to respond to an RTS. When Mr. McMiller pursued that step and his grievance was returned to him unanswered, he failed to submit a corrected No-Response Grievance within ten days, as directed by Warden McCollum. Thus, Lt. McGill's failure to respond to his RTS did not

so, on the ground that it raised more than one issue. 607 F.3d at 1250. We note that, since our decision in *Little*, ODOC amended its grievance procedure to give the ARA authority to return a grievance appeal unanswered when it contains more than one issue. *See* R. at 250.

make the grievance process unavailable; rather, Mr. McMiller failed to comply with the prescribed process for obtaining her response and continuing through the remaining steps of the process.

Mr. McMiller also asserts that the grievance process was made unavailable to him when staff members in the SHU gave him an outdated RTS form because he had no other access to the proper form. But he admits that, upon learning he had used the wrong form, he was able to obtain the correct one. And he fails to show that the delay in obtaining the correct RTS form affected the timeliness of his grievance. At the time he tendered the outdated forms on February 14 and 15, the seven-day deadline for submitting a timely RTS regarding the January 29 Assault had already passed. Thus, Mr. McMiller's initial use of the wrong RTS form in these instances cannot excuse his failure to properly complete the grievance process.

We affirm the district court's judgment because Mr. McMiller has not shown error in that court's determination that he failed to exhaust his administrative remedies before filing this action. We grant Mr. McMiller's application to proceed on appeal without prepayment of the filing fee, but remind him that he must continue making partial payments until the fee is paid in full.

Entered for the Court


Jerome A. Holmes
Circuit Judge